# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cr-00090-1 |
| ) | |
| SHAHIB SLAYTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Shahib Slayton's Supplemental Motion for Compassionate Release relies upon his alleged "serious physical or medical condition" arising from his hypertension, anxiety and "possible left atrial enlargement in his heart." (Doc. No. 125). He has exhausted his administrative remedies, (Doc. No. 125-1), so the Court may address the merits of his request.

On May 17, 2019, Mr. Slayton was sentenced to 120-month based upon his guilty plea to six drug-distribution counts and one count of possession of firearms in furtherance of a drug trafficking crime. At the time of sentencing, Mr. Slayton suffered from hypertension and anxiety, for which he was receiving medication. (Presentence Investigation Report ¶¶ 61, 64). He continues to treat these conditions with medications that he tolerates and controls his hypertension and anxiety. (Doc. No. 128 at 31, 47).

He now seeks compassionate release based upon his hypertension and anxiety and a "possible left atrial enlargement in his heart" that increases his risk of severe illness due to COVID-19. (Doc. No. 125 at 9). Under 18 U.S.C. § 3582(c)(1)(A), the Court is authorized to grant compassionate release and reduce a defendant's sentence if, after "considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court finds "extraordinary and

compelling reasons warrant such a reduction" and it "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Compassionate release may be appropriate if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A)(ii).

Mr. Slayton has not presented evidence that he suffers from a "serious physical or medical condition." His hypertension and anxiety were controlled by medication at sentencing and there is nothing before the Court to suggest a deterioration in his hypertension or anxiety. The medical records continue to support the conclusion that both conditions are controlled through medication that Mr. Slayton can easily administer to himself.

Finally, there is no medically verified documentation of any "left atrial enlargement," so the Court cannot consider this argument. See United States v. Shelton, No. 1:12-CR-82-HAB, 2020 WL 5700741, at *3 (N.D. Ind. Sept. 24, 2020) (finding that defendant had failed to carry his burden that he suffered from a medical condition that was supported by medical records).

Moreover, even if Mr. Slayton presented evidence of a serious physical or medical condition, his request would be denied based upon the § 3553(a) factors. Mr. Slayton was sentenced on May 17, 2019, and since then Mr. Slayton has completed a range of programs and courses, which the Court applauds. However, for all the reasons stated at sentencing 16 months ago, the § 3553(a) factors do not support compassionate release.

Accordingly, his Supplemental Motion for Compassionate Release (Doc. No. 125) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE