UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:17-cr-00090 |
| SHAHIB SLAYTON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Shahib Slayton's second set of motions seeking compassionate release in less than two years. (Doc. Nos. 136, 139). The first time around on August 24, 2020, Slayton argued that several underlying health conditions, including hypertension, anxiety, and a "possible left atrial enlargement in his heart" placed him at an increased risk for severe illness were he to contract COVID-19. (Doc. No. 125 at 1). The Court declined Slayton's request for relief because, even though his hypertension and anxiety could make him more likely to become severely ill from the COVID virus, his conditions were "controlled by medication" and there was "nothing before the Court to suggest a deterioration." (Doc. No. 131 at 2). The Court also declined to consider Slayton's alleged heart ailment because there was "no medically verified documentation" of that condition. (Id.). The Court further found that even had Slayton presented evidence of a serious medical condition, the § 3553 factors, as applied at sentencing, did not support release. (Id.). Two things have changed since the first decision, neither help Slayton.

First, Slayton has refused the COVID-19 vaccine. Since the Court ruled, the Sixth Circuit has held that the availability of the COVID-19 vaccine makes a finding of, "extraordinary circumstances" based upon COVID-19 unlikely. United States v. Lemons, 15 F.4th 747, 751 (6th

1

Cir. 2021). In fact, "if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." Id. Slayton has not provided any reason, let alone a compelling one, for his refusal to receive the vaccine. This precludes a finding of extraordinary and compelling circumstances required for relief. United States v. Jones, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (holding that relief is not warranted where a court finds extraordinary and compelling circumstances do not exist).

Second, Slayton's hypertension – the only health condition raised in his second motion – is still managed in prison. See United States v. Mackety, 854 F. App'x 36, 38 (6th Cir. 2021) (affirming denial of compassionate release where nothing in the record showed that the BOP was "unable to manage" Defendant's hypertension, "even during the Covid-19 pandemic"). During Slayton's most recent clinical encounter on April 13, 2022, Dr. Alison Williams stated:

> [Slayton] is a 40 year old [black male] with [a history of hypertension]. He was last evaluated on 3/7/22 for chronically elevated [hypertension]. During that exam, [his blood pressure] was 151/88 despite being on Lisinopril 20 mg QD and Amlodipine 5mg QD. His Amlodipine dose was increased to 10 mg QD during the visit. [Blood pressure] monitoring over the past month *reveals that [Slayton's blood pressure] has been controlled with a range of 110s-140s/70s–80s*.

(Doc. No. 144-2 at 1) (emphasis added). Slayton's April 13, 2022 blood pressure reading – a normal 128/84 – further supports Dr. Williams' assessment that the condition is under control. (Id. at 2). Having reviewed the remainder of Slayton's 111 pages of medical records, which are otherwise the same as those appended to his initial request for relief, the Court finds nothing to suggest otherwise.

Slayton also has not shown that the § 3553(a) factors warrant his release. Slayton argues that he has served more than 50% of his 120-month custodial sentence with a projected release

date of November 2025, built "an impressive track record of rehabilitation and has already been placed in a camp," and committed a nonviolent crime that was the "product of his own drug addiction," which he has addressed in prison. (Doc. No. 139 at 4). Slayton also notes that he has completed the BOP's Drug Abuse Education Course, anger management, and national parenting programs 1 and 2. (Doc. No. 136 at 1, 7–8). Although the Court appreciates Slayton's efforts, the § 3553 factors still disfavor his release.

Reducing Slayton's sentence would not serve as sufficient punishment for his serious offenses of conviction. On the date of his arrest, Slayton was in possession of fentanyl pills, 45 grams of Oxymorphone, five grams of Oxycodone, and eight firearms as part of a drug distribution ring serving the Nashville area. In addition to being charged with conspiracy, Slayton was charged with three counts of distribution and possession with intent to distribute heroin, possession with intent to distribute fentanyl, oxymorphone, and oxycodone, and possession of a firearm in furtherance of a drug trafficking crime. Worse yet, this was hardly Slayton's first run-in with the law. According to the Presentence Report ("PSR"), Slayton is a career offender based upon two other controlled substance offenses, including: a March 24, 2010 conviction for two counts of possession with intent to deliver a controlled substance on school property and a February 7, 2013 conviction for possession with intent to distribute Schedule II and III controlled substances. (See Presentence Report ("PSR") at ¶ 31). His employment history is sporadic at best. (Id. ¶ 70).

Slayton has not served a sentence that is sufficient but not greater than necessary to fulfill the goals of sentencing under § 3553. Releasing him more than three years in advance of his November 2025 release date would not promote respect for the law, protect the public's safety, operate as a specific deterrent to Slayton, or act as a general deterrent to others in committing similar offenses. See 18 U.S.C. § 3553(a)(1), (2)(B–C). It would also create an unwanted

3

sentencing disparity between Slayton and other defendants who commit similar drug offenses. The Court therefore concludes that the § 3553(a) factors weigh against granting Slayton compassionate release.

Accordingly, and for the foregoing reasons, Slayton's Motions for Compassionate Release (Doc. No. 136, 139) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE